IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNETTE LUCAS, | ) | Civil Action No. 2:25-cv-01540 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY CLINIC t/d/b/a | ) | |
| PEDIATRIC ALLIANCE | ) | |
| WEXFORD ARCADIA and | ) | |
| ALLEGHENY HEALTH NETWORK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANNETTE LUCAS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and AMANDA N. SHIELDS, ESQUIRE and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This action is brought against the Defendants for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in her employment based on age, disability and/or perceived disability as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA") and the Family and Medical Leave Act, 29 USCS §§ 2611 *et seq.* ("FMLA").

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A. § 1367.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4.      This Honorable Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count IV, pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* 955.

5.      Plaintiff has satisfied all procedural and administrative requirements, and in particular:

      a.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 5, 2025, said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.      The EEOC issued a Notice of Dismissal and Right to Sue dated July 21, 2025;

      c.      Plaintiff's Complaint was timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

6.      Plaintiff, Annette Lucas, is a 62-year-old adult individual residing in Allegheny County, Pennsylvania.

7.      Defendant, Allegheny Clinic t/d/b/a Pediatric Alliance Wexford Arcadia ("Clinic"), is a nonprofit corporation with offices located at 9795 Perry Highway, Suite 100, Wexford, Pennsylvania 15090.  At all times relevant to this Complaint, Defendant Clinic was, and is, wholly owned by Defendant Allegheny Health Network.

8.      At all times relevant hereto, Defendant Clinic was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

9.      The actions of Defendant Clinic, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by Defendant Clinic with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendant Clinic violated the Plaintiff's federally protected rights, as described herein.

10.     Defendant, Allegheny Health Network ("AHN"), is a Pennsylvania nonprofit corporation with a registered address of 120 Fifth Avenue, Suite 2900, Pittsburgh, Pennsylvania 15222.

11.     At all times relevant hereto, Defendant AHN was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

12.     The actions of Defendant AHN, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff.  All of the acts described below were committed by Defendant AHN with reckless disregard and/or deliberate indifference to the rights of the Plaintiff.  As a direct and proximate result thereof, Defendant AHN violated the Plaintiff's federally protected rights, as described herein.

<u>FACTUAL ALLEGATIONS</u>

13.     Plaintiff was employed at Pediatric Alliance Wexford Arcadia from in or about October of 2011, until her unlawful termination on or about February 4, 2025.

14.     At the time of her unlawful termination by Defendants, Plaintiff held the position of Advance Practice Provider.

15.     In or about 2019, Pediatric Alliance Wexford Arcadia was acquired by Defendants Clinic and/or AHN.  Thereafter, Plaintiff worked as an Advance Practice Provider for Defendants until her unlawful termination, as described herein.

3

16.    At or about the time of the aforementioned acquisition, Plaintiff's job responsibilities began to significantly increase.

17.    Plaintiff's patient load also significantly increased throughout the next several years, without any additional compensation paid to the Plaintiff.

18.    At the time of Plaintiff's termination, she saw close to thirty (30) patients per day and, on several occasions, Plaintiff saw over thirty (30) patients per day.

19.    Throughout that time, similarly-situated, younger employees had a significantly smaller patient load and less job responsibilities.

20.    The increased workload began to negatively affect Plaintiff's health.

21.    As a result, Plaintiff requested accommodations in the form of breaks and/or part-time work.  However, Plaintiff was denied that reasonable accommodation by Defendant Clinic and/or Defendant AHN.

22.    In or about February, 2023, Plaintiff was hospitalized for a complex migraine in order to rule out a stroke, which required the Plaintiff to leave work.

23.    At or about that time, in or about 2023, Plaintiff was diagnosed with cardiac dysrhythmia, which condition continued to deteriorate over time.

24.    Plaintiff has a strong family history of cardiovascular disease and sudden cardiac death.

25.    At the same time, Defendant Clinic and/or Defendant AHN added a half hour to Plaintiff's workday.

26.    In or about 2024, Plaintiff failed a stress test and required a cardiac catheter and monitoring.

27.    Plaintiff requested a reasonable accommodation of part-time work from Defendants Clinic and/or AHN, due to her health concerns described hereinbefore above.

28.     However, Plaintiff was denied part-time work by Defendant Clinic and/or Defendant AHN without legitimate reason or excuse.

29.     Plaintiff's cardiac dysrhythmia became more frequent throughout the workday due to stress brought on by Plaintiff's working conditions.

30.     Plaintiff repeatedly requested an accommodation from Defendant Clinic and/or Defendant AHN for breaks throughout the workday due to her health and cardiac dysrhythmia.

31.     Defendant Clinic and/or AHN denied the Plaintiff the ability to take breaks on nearly every occasion that Plaintiff requested such accommodation.

32.     On very few occasions, Plaintiff was granted the ability to take breaks by Defendant Clinic and/or Defendant AHN, but shortly after granting such accommodation, Defendant Clinic and/or Defendant AHN would rescind the accommodation.

33.     In November, 2024, Plaintiff experienced heart palpitations and a panic attack during the workday.

34.     That day, Plaintiff went home and filed for short-term disability.

35.     Thereafter, Plaintiff also utilized FMLA leave during her absence from work.

36.     Before returning to work, Plaintiff's physician provided documentation to the Defendants requesting reasonable accommodations for the Plaintiff, including breaks during the workday, to work, 8 a.m. to 4 p.m., three (3) days per week, and to work every other Saturday, 8 a.m. to 4 p.m.

37.     Plaintiff was denied the aforementioned reasonable accommodations by Defendant Clinic and/or Defendant AHN.

38.     Plaintiff's return date was delayed due to this denial of reasonable accommodations.

39.     Thereafter, Defendant Clinic and/or Defendant AHN only granted Plaintiff an accommodation to begin her workday one (1) hour later than she was previously scheduled, which was significantly less accommodation than was requested by Plaintiff's physician.

40.     On or about January 30, 2025, Plaintiff returned to work.

41.     When she arrived at work, Plaintiff was immediately asked by her manager to meet with her in her office.  Several other members of Defendant Clinic's and/or Defendant AHN's management were also in that meeting over Zoom.

42.     During that meeting, Plaintiff was reprimanded by the Defendants for prescribing medication to herself and to her daughter.

43.     Plaintiff was also reprimanded for accessing her daughters' medical records.

44.     At that time, Plaintiff was placed on suspension by Defendant Clinic and/or Defendant AHN allegedly for the actions described in Paragraphs 42 and 43 above.

45.     On or about February 4, 2025, Plaintiff was terminated by Defendants.

46.     Defendant Clinic and/or Defendant AHN were previously aware that Plaintiff prescribed her daughter medications.

47.     Throughout the Plaintiff's employment with Defendant, Plaintiff prescribed herself and her daughter various medications.  Defendant had actual knowledge of Plaintiff writing those prescriptions as set forth hereinbelow.

48.     Defendant has a policy that all prescriptions written by nurse practitioners are to be reviewed by its physicians.  Plaintiff believes, and therefore avers, that prescriptions written by Plaintiff, including prescriptions written for Plaintiff and Plaintiff's daughter, were reviewed and approved by a physician acting on behalf of the Defendant.

49.     Plaintiff believes, and therefore avers, that the physician(s) were not reprimanded by Defendant for their actions.

50.     Plaintiff also believes, and therefore avers, that other employees have prescribed family members and/or themselves medications, that it is a common practice, that Defendants were and are aware of this practice, and that physicians who reviewed and approved prescriptions written by Plaintiff were not reprimanded for their actions with regard to prescriptions written by the Plaintiff.

51.     Plaintiff had her daughter's consent to access her records.

52.     Furthermore, Plaintiff is the third individual over the age of sixty (60) to be terminated by the Defendants at the practice.

53.     Defendants replaced Plaintiff with a significantly younger employee.

54.     Plaintiff believes, and therefore avers, that the reasons provided by the Defendants for her suspension and termination are pretextual and unworthy of belief.

55.     For the reasons stated hereinbefore above, Plaintiff believes, and therefor avers, that she was suspended and terminated by the Defendants based on her disabilities and/or perceived disabilities of cardiac dysrhythmia and anxiety disorder and/or age, 61, and/or in retaliation for engaging in protected activities, to wit, requesting reasonable accommodations and/or taking short-term disability.

56.     For the reasons stated above, Plaintiff believes, and therefore avers, that she was discriminated against by Defendants based on her disabilities and/or perceived disabilities and/or age.

57.     Plaintiff believes, and therefore avers, that she was treated less favorably than similarly-situated employees that did not have disabilities and/or perceived disabilities and/or similarly situated, younger employees.

58.     Plaintiff believes, and therefore avers, that she was retaliated against by the Defendants for engaging in a protected activity, to wit, requesting reasonable accommodations and/or taking short-term disability.

59.     Plaintiff believes, and therefore avers, that she was retaliated against by the Defendants for engaging in a protected activity, to wit, utilizing FMLA leave.

60.     As a result of Defendants' actions, Plaintiff has been adversely affected financially, professionally and emotionally.

61.     Plaintiff believes, and therefore avers, that Defendants' conduct is part of a plan, pattern, or practice of discrimination that may affect individuals similarly situated to the Plaintiff.

COUNT I:

ADEA – AGE DISCRIMINATION

62.     Plaintiff incorporates by reference Paragraphs 1 through 61 as though fully set forth at length herein.

63.     As described hereinbefore above, Plaintiff was subjected to discrimination in that she was terminated from her position and treated less favorably than similarly-situated younger employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

64.     As a result of the Defendants' discriminatory actions, Plaintiff has been substantially and illegally harmed, deprivation of employment, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendants, their managers, supervisors, employees, agents, attorneys and other officials.

65.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendants and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendants' discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

66.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADEA;

b.      that the Court award the Plaintiff any benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.      that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the ADEA;

d.      that the Court order the Defendants to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

<u>ADA – DISABILITY DISCRIMINATION</u>

67.    Plaintiff incorporates by reference Paragraphs 1 through 66 as though fully set forth at length herein.

68.    This is a proceeding under the Americans with Disabilities Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining the Defendants from maintaining a policy, practice, custom or usage of discrimination against the Plaintiff because of disabilities and/or a perceived disabilities with respect to her ability to perform the necessary functions of her employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendants have deprived the Plaintiff of equal employment status because of disabilities or perceived disabilities. This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that she would have received but for the Defendants' unlawful and discriminatory practices, and a make whole remedy to compensate her for her injuries, losses and damages together with such exemplary, punitive, compensatory and liquidated damages as are provided by law.

69.    Plaintiff, believes and therefore avers, that she was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to her rights under the law, in the terms and conditions of her employment because of perceived disabilities in that she was treated terminated based on her perceived disability and treated less favorably than employees that were not perceived to be disabled in that she was not given any type of progressive discipline, as more fully described hereinbefore above.

70.    As a result of the Defendants' discriminatory actions, Plaintiff has been substantially and illegally harmed, and suffered large and continuing professional losses, deprivation of

10

employment, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendants, their managers, supervisors, employees, agents, attorneys and other officials.

71.    Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' disability discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADA;

b.    that the Court award the Plaintiff any benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.    that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.    that the Court award the Plaintiff punitive damages as a result of the Defendants' willful violation of the ADA;

e.    that the Court order the Defendants to award the Plaintiff the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

f.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    h.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

ADA – RETALIATION

72.    Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73.    As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity, to wit, requesting a reasonable accommodation and/or utilizing short-term disability leave. As a direct result of engaging in protected activity, Plaintiff suffered adverse employment actions that ultimately culminated in Plaintiff's termination.

74.    As a direct result of Defendants' retaliatory actions, and in violation of the ADA, Plaintiff has lost wages and other economic benefits of her employment with Defendants.  In addition, the Plaintiff has and/or will incur counsel fees and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress, inconvenience, humiliation, defamation of character and stress.

75.    Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADA;

    b.    that the Court award the Plaintiff any benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

c.   that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

d.   that the Court award the Plaintiff punitive damages as a result of the Defendants' willful violation of the ADA;

e.   that the Court order the Defendants to award the Plaintiff the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendants' discriminatory conduct;

f.   that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

g.   that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h.   that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

FAMILY AND MEDICAL LEAVE ACT
29 USCS §§ 2611 *et seq*.

<u>RETALIATION</u>

76.   Plaintiff incorporates by reference Paragraphs 1 through 75 as though fully set forth at length herein.

77.   As described hereinbefore above, Plaintiff was entitled to FMLA benefits.  Defendants retaliated against the Plaintiff for utilizing FMLA by terminating the Plaintiff and treating the Plaintiff less favorably than similarly situated employees that did not use FMLA.

78.   As a direct result of Defendants' discriminatory actions, and in violation of the FMLA, Plaintiff has suffered professionally.  In addition, the Plaintiff has and/or will incur counsel fees

13

and other costs in pursuing her legal rights.  Plaintiff has also suffered from emotional distress,

inconvenience, humiliation, defamation of character and stress.

79.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or

done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendants' actions
to be unlawful and violative under the FMLA;

b.     that the Court award the Plaintiff any benefits lost due to the
Defendants' unlawful conduct plus interest from the date of
retaliation;

c.     that the Court award damages to the Plaintiff to compensate him
for damages resulting from her pain, suffering and inconvenience,
as well as such other compensatory damages as permitted by law;

d.     that the Court award the Plaintiff punitive damages as a
result of the Defendants' willful violation under the FMLA;

e.     that the Court order the Defendants to award the Plaintiff the position
he held before she was retaliated against and/or the position
most appropriate for the Plaintiff under the circumstances, with
the accumulated seniority, fringe benefits, and all other rights, or
in the alternative, that the Court order the Defendants to pay the Plaintiff
front pay equivalent to her lost salary raises, fringe benefits
and all other rights to which she would have been entitled but
for the Defendants' discriminatory conduct;

f.     that the Court award the Plaintiff pre-judgment and post-judgment
interest from the date of the discrimination;

g.     that the Court award the Plaintiff reasonable attorneys' fees and
costs of this action; and

h.     that the Court grant the Plaintiff such additional relief as may
be just and proper.

JURY TRIAL DEMANDED

14

COUNT V:

<u>PHRA</u>

80.    Plaintiff incorporates by reference Paragraphs 1 through 79 as though fully set forth at length herein.

81.    This is an action arising under the provisions of Pennsylvania law, to wit, the PHRA, Title 43 P.S. Section 951, et seq., and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

82.    As described hereinbefore above, Defendants' actions in subjecting the Plaintiff to discrimination based on age, disabilities and/or perceived disabilities and retaliatory actions and were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

83.    By discriminating against the Plaintiff without just cause or legal excuse and solely because of her age and/or perceived disability, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendants have violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon race and/or sex with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

84.    As a direct result of Defendants' discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with Defendant.  In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The Plaintiff has also suffered from and continues to suffer from emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

85.     As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature.  Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

86.     The actions on the part of Defendant, through its employees, were intentional and willful and/or done with reckless disregard to Plaintiff:

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

b.      that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the PHRA;

c.      that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

d.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination and retaliation;

e.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

f.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
Amanda N. Shields, Esquire
PA ID No. 334025
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  October 15, 2025